(40 Misc. Rep. 278.)

### STEPHENS v. FLAMMER et al.

(Supreme Court, Special Term, New York County. March, 1903.)

1. JUDICIAL SALE—RIGHTS OF PURCHASER—DEFECTIVE TITLE.

A purchaser at a judicial sale should not be compelled to complete it where the validity of the title depends on a disputed question of fact not determined in the action, and it is not an improbable contingency so as to warrant the assertion that it has no probable basis.

2. SAME.

Where, in a proceeding to enforce a purchase at judicial sale, it is obvious that the validity of the title is dependent on the fact whether a daughter predeceased her mother, through whom title is claimed, and no record evidence of the death of the daughter is shown, but the only evidence is the opinion of a witness that he was reasonably certain that such daughter was dead, the purchaser at the judicial sale will not be compelled to take title.

Action by Thomas C. Stephens against John Jacob Flammer and others. Motion to compel purchaser to complete purchase. Denied.

James E. Carpenter (Gratz Nathan, of counsel), for plaintiff.

Arnstein & Levy (Samuel Levy, of counsel), for purchaser.

LEVENTRITT, J.  I am of the opinion that the purchaser should be relieved.  The validity of the title depends on a disputed question of fact not determined by the judgment in this action, and not such a mere possibility or remote or improbable contingency as to warrant the assertion that it has no probable basis.

It is unnecessary to recite in detail the long history of facts respecting this property.  It is substantially set out, up to the point of foreclosure, in the opinion of Mr. Justice Greenbaum in Mayer v. Flammer (Aug. 15, 1902) 81 N. Y. Supp. 1062.  A few salient features will here prove sufficient.  The property was originally owned by one Elizabeth Meyer, who devised it to her son.  He predeceased his mother, but, a posthumous daughter being born to his wife, the daughter's heirship was established in appropriate proceedings, resulting in a decree in the Surrogate's Court.  The property thus became vested in the daughter Margaret or Margaretta Meyer.  The disputed question of fact is whether this daughter died, leaving her mother her heir, through whom the property by conveyances and operations of law ultimately reached the defendant, or whether she is now living as a claimant and owner of the property foreclosed.  It is claimed that Annie F. Meyer, the mother of the heir Margaret Meyer, took her to Philadelphia shortly after birth, and that she died en route.  Various affidavits, including the coroner's certificate, are before the court to show the death.  It may be remarked, in passing, that there is considerable confusion in the various spellings of the names of both mother and child in these papers, and that the mother's name is signed "Mayrs," and not "Meyer," as it was in fact.  It is further claimed that upon Annie F. Meyer's return from Philadelphia she secured—for reasons not apparent—a foundling, which she passed off as Margaret Meyer.  Shortly after her return Margaret Meyer, by her mother Annie F., as guardian ad litem, began one action to recover the possession, and another to recover the rents, of the property here involved, against the predecessors in title of the defendants, who claimed the same as heirs of Elizabeth Meyer, on the theory of her sons' predeceasing her without issue.  Annie F. Meyer, having died, left one piece of her real estate to her daughter, whom she designated in her will as Margaretta Pearl Meyer, and the balance to her sister, Maggie Smith.  Maggie Smith thereupon made an application to the court to be substituted as sole plaintiff in the actions brought to recover possession and the rents of the property in suit.  The papers presented to the court showed that both Annie F. Meyer and her daughter Margaret had died, and that Annie Smith was by devolution the sole owner.  No reference was made to the alleged substitution of a foundling bearing the name of Margaretta Pearl Meyer, nor that it was then still alive.  Although these papers showed that the infant Margaret had died 10 months before the suit in her behalf had been begun, an order of substitution was nevertheless entered.  Maggie Smith then, as sole plaintiff, on the same day consented to a discontinuance of the action, with costs against herself, and shortly thereafter quitclaimed all her right, title, and interest in or to the property to the defendants.  These latter gave the mortgage which has been foreclosed.  It is quite obvious, therefore, that

the validity of the title in the defendants is entirely dependent on the fact whether Margaret Meyer, the daughter of John F. Meyer, predeceased her mother, through whom the defendants claim.

The plaintiff insists that his papers conclusively show that Margaret Meyer is in fact dead. No record evidence is offered. It is true that on a motion made by one Margaretta Pearl Meyer, claiming to be the living child of John F. and Annie Meyer, to vacate the orders of substitution and discontinuance referred to, on the ground that they were void and illegally entered, Mr. Justice Greenbaum denied the motion, on the ground that on the papers presented to him the applicant showed herself a stranger to the proceeding. He stated that in his opinion he was "reasonably certain" that the Margaret Meyer who was the heir of John F. Meyer was in fact dead, and that the applicant was the substituted foundling. Reduced to its last analysis, the plaintiff's case rests on the defective affidavit proof of the death of an infant of a similar name en route to Philadelphia with her mother, who signed herself "Mayrs," and not "Meyer," and on the conclusion reached by Mr. Justice Greenbaum. But obviously none of this proof, so called, is binding on the real Margaret if she is in fact alive. This was recognized in the decision of Mayer v. Flammer, of which the concluding words are: "I have the less hesitancy in denying this motion  *  *  *  because any rights that the applicant may have will not be affected by this decision, but may be preserved and enforced by an action which will afford complete remedy."

The situation, then, is this: There is at present living one who claims to be the child of Annie and John F. Meyer. She has already sought to intervene, and to that extent has attempted to assert her rights. Her nonsuccess on that motion is in no wise conclusive on the question whether or not she is the child she claims to be, and will in no wise be binding on her in any form of action she may choose to adopt. Even though I should, on the same papers, be of the same opinion as the justice who decided the motion, yet that would not justify compelling the purchaser to take and defend by litigation a title which may be ousted by a paramount one. There is in this case more than the mere remote possibility of a claim or suit. The claimant has already been active by seeking to intervene. Her ultimate success depends purely on the resolution of a disputed question of fact as to which there is no judgment or other record evidence, but which is dependent for its best testimony on affidavits which on a trial would have to be replaced by oral testimony. The papers by no means make out a clear case. There is much that is peculiar and unexplained in the lists of births and deaths, wills, transfers, and cross-transfers. The relation between them, while not always apparent on these papers, may on a thorough sifting and investigation place the facts in an entirely different light, and show a relation where none now seems to exist. The burden should, however, not be placed on the purchaser. Unless Margaret Meyer died before her mother, the title tendered is bad. "It would especially be unjust to compel a purchaser to take a title the validity of which depends upon a question of fact, where the facts presented upon the application might be changed on a new inquiry, or are open to opposing inferences." Fleming v. Burnham,

100 N. Y. 1, 2 N. E. 905. The purchaser should not be compelled to take the risk involved in the doubt as to a disputed question of fact. Vought v. Williams, 120 N. Y. 259, 24 N. E. 195, 8 L. R. A. 591, 17 Am. St. Rep. 634. In this case I am not satisfied that it is clear beyond a reasonable doubt that the purchaser will receive what he contracted to buy. Vought v. Williams, supra; Shriver v. Shriver, 86 N. Y. 575.

In denying this motion, I have rested my decision solely on the doubt arising under the disputed question of fact, without considering the other serious question raised, how far the discontinuance of the action for the possession of the property involved in this suit removed the cloud which its pendency cast over the title to the property. Motion denied, with $10 costs, and purchaser relieved as prayed for.

Motion denied, with $10 costs.